UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TAMMAROW VALINTINO
COGDELL,

    Plaintiff,

v.                              Case No. 3:20-cv-1304-MMH-LLL

LELAND DUDEK,
Acting Commissioner of Social
Security,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 25; Report), entered by the Honorable Laura Lothman Lambert, United States Magistrate Judge, on January 30, 2025. In the Report, Judge Lambert recommends that the decision of the Commissioner of Social Security denying Plaintiff, Tammarow Cogdell's, claim for supplemental social security income be affirmed. See generally Report; Plaintiff's Memorandum of Law (Doc. 22; Cogdell's Brief), filed on February 22, 2024; Memorandum in Support of the Commissioner's Decision (Doc. 23), filed on March 21, 2024; Plaintiff's Reply to Defendant's Memorandum in Support of the Commissioner's Decision (Doc.

-1-

24), filed on April 4, 2024. Cogdell timely filed objections to the Report. See Objection to Report and Recommendation (Doc. 26; Objections), filed on February 13, 2025. The Commissioner responded to the Objections. See Commissioner's Response to Plaintiff's Objections to the Magistrate Judge's Report & Recommendation (Doc. 27), filed on February 25, 2025. Accordingly, this matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Under Rule 72, Federal Rules of Civil Procedure, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[1] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304–05 (11th Cir. 2013)

---

[1] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 24.

(recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not").

Because the Court finds that Cogdell's Objections are due to be overruled and the Report is due to be adopted as the Court's opinion, the Court will not repeat the factual background or the arguments and authority addressed there. Instead, the Court writes briefly only to address the Objections.

Cogdell first objects to the Magistrate Judge's recommended finding that the ALJ properly determined that Cogdell did not meet the criteria of Listing 12.05B. See Objections at 1. But Cogdell does not articulate any error in the Magistrate Judge's statements of the law or the Magistrate Judge's application of the law to the ALJ's decision. See generally id. Instead, Cogdell repeats the same argument she raised in her initial brief, stating that she "maintains that the record evidence reflected [her] extensive impairments in the mental categories of interacting with others as well as concentration, persistence, or maintaining pace." Id. at 2; see Cogdell's Brief at 5–9. Notably, while Cogdell articulates different conclusions that could be drawn from the evidence the ALJ considered, she does not identify any evidence that the ALJ overlooked, contend that the ALJ cherrypicked only unfavorable findings in the evidence, or otherwise offer anything from the record to show that substantial evidence fails to support the ALJ's findings. See generally Objections. Contrary to

Cogdell's assertions, the ALJ did articulate her analysis of the evidence. Indeed, the ALJ spent two pages discussing the medical evidence and Cogdell's own testimony and considering that evidence in light of the criteria required to meet Listing 12.05B.[2] See Transcript of Social Security Proceedings (Docs. 19–19-7 and 20–20-7; Tr.) at 481–82. The Court cannot reweigh that same evidence now.

Second, Cogdell objects to the Magistrate Judge's recommended "finding that the ALJ properly found Ashley Brewer's opinion less than persuasive." See Objections at 3–4. In support, Cogdell contends that the Magistrate Judge improperly bolstered the ALJ's conclusion with evidence from the record that the ALJ did not herself consider. See id. But, as the Commissioner notes, the ALJ did consider the evidence referenced by the Magistrate Judge. See Report at 19 (considering Lawrence Hoening, P.A.'s notes from April 6 and 12, 2022 and Katherine Rogers, ARNP's notes from June 7, 2022); Tr. at 488 (the ALJ's discussion of Cogdell's RFC, citing Hoening's notes from April 6 and April 12, 2022); id. at 491 (the ALJ's discussion of Brewer's opinion, citing Hoening's notes from April 12, 2022 and Rogers's notes from June 7, 2022). Notably, the

---

[2] The Court notes that while the ALJ did not explicitly identify Listing 12.05B in her analysis, the criteria the ALJ considered (the "Paragraph B criteria") are identical to those required to meet Listing 12.05B. See Tr. at 481–82; 20 C.F.R. § Pt. 404, Subpt. P, App. 1. And indeed the ALJ can hardly be blamed for failing to explicitly mention Listing 12.05B, considering that Cogdell did not argue in the hearing or elsewhere during the administrative process that she was disabled due to an intellectual disorder. See Report at 8–10.

statements from Hoening's April 6 notes that the Magistrate Judge referenced are identical to those in Hoening's April 12 notes, which the ALJ explicitly relied on when discussing Brewer's opinion. Compare Tr. at 660 (Hoening's April 12 notes), with id. at 670 (Hoening's April 6 notes). To the extent Cogdell argues that the Magistrate Judge improperly found support for the ALJ's conclusion in particular statements from Rogers or Hoening's notes that the ALJ did not explicitly reference, this contention fails because the Magistrate Judge's analysis of the ALJ's decision does not depend on those statements. See Report at 17–19. Indeed, while the Magistrate Judge spent three pages describing why the ALJ did not err in finding Brewer's opinion less than persuasive, only in one short paragraph did the Magistrate Judge consider evidence that Cogdell contends the ALJ did not consider. See id.

For the foregoing reasons, the Objections are due to be overruled. Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.[3]

---

[3] The Court reads the reference to "20 C.F.R. § 1520c" on page 16, note 16 of the Report as referring to "20 C.F.R. § 404.1520c."

Accordingly, it is hereby

**ORDERED:**

1. Cogdell's Objections to the Report and Recommendation (Doc. 26) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 25) is **ADOPTED** as the opinion of the Court.

3. The Clerk of Court is directed to (1) **enter judgment** pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision; and (2) close the file.

**DONE AND ORDERED** in Jacksonville this 20th day of March, 2025.

MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Counsel of Record